## United Lighting Company v. Conneautville Borough.

*Equity—Practice, C. P.—Final decree—Notice—Equity Rule 84.*

Where the court enters a decree *nisi* in equity and no exceptions are filed, and three years thereafter a final decree is entered, the final decree will not be stricken off, because no notice thereof was given to the solicitor of the adverse party, as required by Rule 84 in equity.

Rule to strike off final decree. C. P. Crawford Co., Feb. T., 1920, No. 1.

*A. L. Thomas* and *J. Perry Eckles*, for plaintiff.

*Brooks, English & Quinn*, for defendant.

PRATHER, P. J., Sept. 2, 1924.—On Nov. 28, 1919, plaintiff filed its bill and procured a preliminary injunction restraining the Borough of Conneautville from its proceeding to take over plaintiff's lighting plant, under and according to the provisions of the General Borough Act of May 14, 1915, P. L. 312. On Dec. 23, 1919, defendant, through its counsel, demurred to the jurisdiction

in equity. After hearing, the court, on July 6, 1920, filed an order overruling said demurrer. The case proceeded to hearing and the court filed an order continuing the preliminary injunction. Thereafter, to wit, on July 16, 1920, counsel filed a stipulation that said hearing should be considered a final hearing and the court should make such decree as the law and the facts warranted. On Jan. 15, 1921, the court filed an order making the preliminary injunction perpetual, and that unless exceptions were filed within ten days, the same should become final, and that counsel should prepare a decree accordingly. On Feb. 16, 1924, counsel for plaintiff prepared and submitted to the court a final decree in accordance with our adjudication. On May 5, 1924, defendant's counsel filed his petition and affidavit, averring that he had no notice of the entry, or proposed entry, of said final decree, and obtained a rule to strike the same from the record.

We have recited the docket entries of the procedure in this case, which evidence the fact that from the filing of the bill to the procurement of this rule nearly five years have elapsed; and from the date of our entry of the decree *nisi*, on Jan. 15, 1921, more than three years elapsed before any further procedure was had in the case.

It is urged that the decree was entered in violation of the provisions of Rule 84 in Equity, which provides: "The decree shall be drawn by the solicitor of the party in whose favor it is, who shall, unless otherwise herein provided, serve a copy thereof on the solicitor of the adverse party, with notice of the time, which shall not be less than three days thereafter, when the same will be submitted to the court."

It is alleged by counsel for defendant that no notice was served upon him of the form and intended presentation of the final decree entered on Feb. 16, 1924. Upon the part of the plaintiff, counsel affirm that such form and notice was duly mailed to counsel for defendant. No complaint is made that the decree is not in compliance with the direction contained by the court in its *nisi* order. The complaint is, that the entry of said final decree, under the circumstances, did not comply with the requirements of said rule, and, therefore, that such entry was a technical error, even though in the exact form that the court directed. The principal reason assigned for vacating said final decree is that counsel for defendant is now convinced that the court's conclusion that the injunction should be made perpetual was erroneous, and, for this reason, counsel for defence desires an opportunity to reargue the legal question involved. This contention would merit our consideration if supported by reason or authority; but when supported by neither, we are not called upon to speculate as to the probability of such reason and authority being forthcoming.

Continuing to quote from Rule 84, concerning the entry of such final decree, we have the additional provision: "But the court may direct the decree to be entered forthwith, without further notice, upon the same being pronounced, should they think the justice of the case requires it."

Under the recited facts as to the docket entries and the procedure had and defendant's long acquiescence in the correctness of our decree, we are not persuaded that the allowance of said rule would serve any good purpose, even after due consideration of all the contentions of defendant's counsel. It would simply mean the striking off of said decree because of an alleged technicality, and then its re-entry when such technicality had been complied with.

It follows that said rule should be discharged.

Now, Sept. 2, 1924, rule discharged.

From Otto Kohler, Meadville, Pa.